# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF0001-26
)
Plaintiff, )
) DECISION AND ORDER:
) DEFENDANT'S MOTION AND
vs. ) APPLICATION FOR BAIL
) REDETERMINATION HEARING
RONNIE QUINATA SANCHEZ, )
)
Defendant. )
_____ )

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on July 24, 2026 on a hearing to address Defendant's Motion and Application for Bail Redeterminatio. Attorney Alisha Molyneux represented Defendant. Assistant Attorney General Monty May represented the People of Guam. The Court ruled from the bench denying the motion. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following written Decision and Order documenting the ruling.

## BACKGROUND

Defendant filed the motion on March 18, 2026. The People of Guam then filed an Opposition on March 20, 2026.

## DISCUSSION

### I.    Courts Considerations

The Court entertained a request by the Defense for release on personal recognizance. At an earlier hearing for the motion, it was determined that Defendant was detained in other criminal matters pending sentencing. At the earlier hearing, Defendant's counsel asked for a continued hearing to develop a better hold on what Defendant's options were and what potential jail time Defendant was facing in his other criminal matters. The Court agreed to come back on July 24,

*People v. Sanchez,*
Decision and Order
Criminal Case No. CF0001-26          - Page 1 of 2 -

2026. At the July 24, 2026 hearing, Defendant was still in custody in a different matter and still awaiting sentencing.

The Court looks to statutory guidance provided under 8 GCA §§ 40.15 and 40.20 when deciding the issue of release conditions. In consideration of the request, the Court learned that the Defendant is still in custody on two separate matters indicating that the current allegations occurred while Defendant was released in active criminal matters. These circumstances make it difficult for the Court to find that Defendant will be safe in the community and come back to Court if released in this matter. While Defendant is facing non-violent offenses in this matter, the Court has concerns about Defendant's ability to follow the Court's orders and come back to future hearings.

As a result, the Court will not grant Defendant's release at this time. At the hearing for Defendant's Motion, the Court indicated that electronic monitoring, if approved by probation, would be appropriate for Defendant's release. The Court would also consider third-party custodian release or a reduction in cash bail.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion.

So ORDERED this 31st day of July, 2026.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & PDSC

Date: 7/31/26 Time: 3:12

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

*People v. Sanchez,*
Decision and Order
Criminal Case No. CF0001-26            - Page 2 of 2 -